UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KISER,<br><br>          Petitioner,<br><br>  v.<br><br>CALIFORNIA MEN'S COLONY,<br><br>          Respondent. | Civil No. 11-1944 DMS (NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

1  The warden is the typical respondent. However, "the rules following section 2254 do not 2 specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the 3 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal 4 institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a 5 petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall 6 be the state officer who has official custody of the petitioner (for example, the warden of the 7 prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

8  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] 9 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The 10 actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.* 11 *Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of 12 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the 13 body" if directed to do so by the Court. "Both the warden of a California prison and the Director 14 of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d 15 at 895.

16  Here, Petitioner has incorrectly named "California Men's Colony," as Respondent. In 17 order for this Court to entertain the Petition filed in this action, Petitioner must name the warden 18 in charge of the state correctional facility in which Petitioner is presently confined or the 19 Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 20 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

22  Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to 23 amend. To have this case reopened, Petitioner must **no later than October 28, 2011**: (1) pay 24 the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) file a First 25 Amended Petition that cures the pleading deficiencies outlined in this Order. ***The Clerk of***
26 / / /
27 / / /
28 / / /

Case 3:11-cv-01944-DMS-NLS   Document 3   Filed 08/25/11   PageID.20   Page 3 of 3

*Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank First Amended Petition form together with a copy of this Order.*

    **IT IS SO ORDERED.**

DATED: August 25, 2011

                          HON. DANA M. SABRAW
                          United States District Judge

C:\Documents and Settings\Moanam\Local Settings\Temp\notes4DFDCF\11cv1944_dismiss.wpd, 82511    -3-    11cv1944